The undisputed evidence shows that in February 1984, Ms. Howard knew that Mutual Savings had "paid all that they were going to pay," and that at that time she had concluded that this failure to pay more was incorrect. She let her Mutual Savings policies lapse in January or February 1984 "because [Mutual Savings] didn't do what [Mutual Savings] was supposed to do."
On August 8, 1990, 6 1/2 years later, Ms. Howard sued Mutual Savings; she subsequently amended her complaint to provide a more definite statement of the alleged fraud, so as to allege that Mutual Savings was guilty of fraud because of its failure to pay all monies due under the insurance policies. There was no allegation that Ms. Howard was kept by representations of Mutual Savings from getting Mutual Savings to "do what [Mutual Savings] was supposed to do" during those 6 1/2 years. Ms. Howard knew, no later than February 1984, facts that would put a reasonable person on notice that Mutual Savings was not going to do what it "was supposed to do." Ms. Howard's claim was time-barred when she filed it in August 1990, and Judge Bush properly entered the summary judgment in favor of Mutual Savings on that time-barred claim.
The majority of the Court has now allowed the new justifiable reliance standard — the subjective standard — in fraud cases to "tread into the arena" of the discovery *Page 384 
rule for the purpose of determining when the statutory period of limitations began to run. Hicks v. Globe Life AccidentIns. Co., 584 So.2d 458 (Ala. 1991). This is contrary to Chief Justice Hornsby's special concurrence in SouthernStates Ford, Inc. v. Proctor, 541 So.2d 1081, 1090-92
(Ala. 1989):
 "[S]tatutes of limitations, even when based on the 'discovery rule' in the fraud context, should be measured by objective standards."
541 So.2d at 1091.
I dissent, based upon the rationale of my special opinion concurring in part and dissenting in part in Hicks v. GlobeLife Accident Ins. Co., 584 So.2d at 465-69.